IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-117-WDS |
| ) | |
| ROBERT HERTZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, currently an inmate in the Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

FACTS ALLEGED

In October 2004, while incarcerated at Stateville, Plaintiff filed a federal civil rights action against Defendants, "alleging a myriad of constitutional violations" that occurred while he was in the Madison County Jail. *See Brown v. Madison County*, Case No. 04-cv-824-MJR (S.D. Ill., filed Oct. 1, 2004). During the pendency of that action, Plaintiff's criminal conviction was reversed. He was returned to Madison County Jail in January 2006 pending retrial of his criminal case.[1]

Upon his arrival at Madison County Jail, he was immediately assigned to an isolation cell, rather than general population. He was denied all out-of-cell recreation, permitted only limited access to the law library, and was denied privileges such as television, radio, regular visits, and any

---

[1] Apparently that retrial resulted in a second conviction; as of July 10, 2008, Plaintiff has been in custody at the Graham Correctional Center (*see* Doc. 9).

sort of human contact with his fellow inmates. Further, his mail (both incoming and outgoing) tended to disappear on a regular basis, other mail was photocopied, and even his legal phone calls were monitored and recorded.

Defendants also embarked upon a pattern of harassment. He alleges that officers would bang on his cell walls and doors throughout the night, meals were deliberately withheld, his hot water was shut off for almost three weeks, the air conditioning was cut off in the summer, while his heat was shut off during the winter. Finally, Defendants refused to accommodate his fasting during Ramadan.

## **CLAIMS PRESENTED**

Based on the factual allegations above, Plaintiff makes just one substantive claim – he asserts that all of these actions have occurred as a vast conspiracy of retaliation against him for his 2004 lawsuit.[2]

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The Seventh Circuit later clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).] Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the

---

[2] That action was stayed pending resolution of Plaintiff's criminal case. *See Brown v. Madison County, supra* (order at Doc. 103, entered Sept. 14, 2007).

act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

In his 2004 case, six separate claims were set forth. The first five claims involved denial of a pork-free diet, failing to intervene in an inmate fight, failing to provide adequate medical care, denial of due process in a disciplinary proceeding, and restricting his access to legal materials. Each of these claims is more in the nature of a personal gripe, and thus cannot qualify as protected speech.

His sixth claim in that action, though, asserts that Defendants conspired against him by deliberately placing him in proximity with several known jailhouse snitches with the intention of eliciting incriminating information from Plaintiff to be used against him at trial. (One of these inmates, Demond Spruill, later testified against him in his first criminal trial.) Such a claim is arguably related to a matter of public concern, and thus could be considered protected speech.

Again, Plaintiff alleges that each of the named Defendants took part in this conspiracy of retaliation, and he includes specific allegations against each of them. Therefore, the Court is unable to dismiss any portion of this action at this point in the litigation. *See* 28 U.S.C. § 1915A.

**MOTION FOR APPOINTMENT OF COUNSEL (DOC. 7)**

Plaintiff also requests that the Court appoint him counsel. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff provides correspondence from no less than 14 law firms and organizations who have denied his requests for representation. Therefore, it

appears that he has, in fact, attempted to obtain counsel.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex, as summarized above. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case, this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Furthermore, Plaintiff is no longer at the Madison County Jail, and he should have sufficient access to legal resources at the Graham Correctional Center. Therefore, Plaintiff's motion for appointment of counsel is **DENIED**, without prejudice.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for all named Defendants. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on all named Defendants in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can

be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: September 29, 2008.**

                                          **s/ WILLIAM D. STIEHL**
                                             **DISTRICT JUDGE**