# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMY R. BROWN, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Case No. 07-117-WDS-PMF |
| ROBERT HERTZ, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge**:

Before the Court are motions to dismiss. Plaintiff is confined at Menard Correctional Center. He challenges the conditions of his former detention at the Madison County Jail pursuant to 28 U.S.C. § 1983. Plaintiff alleges that the defendants engaged in retaliatory acts involving an effort to elicit incriminating information to be used against him at a criminal trial.

Defendants Fritschele and Besson seek partial dismissal, targeting plaintiff's official capacity claim and his demand for injunctive relief. Defendants Gilbert and McGuire seek dismissal of all claims on the basis of absolute immunity. The motions are opposed in part (Doc. Nos. 34, 35). A reply is on file (Doc. No. 36).

### I.  Official Capacity Claims

Defendants Fritschele and Besson target plaintiff's official capacity claims. Plaintiff opposes this motion on the basis that his individual capacity claims for damages are adequately pleaded and should proceed. Because defendants Fritschele and Besson are not challenging the sufficiency of plaintiff's individual capacity claims in this motion, the opposition is misplaced. These defendants have not requested dismissal of plaintiff's individual capacity claims. In response to the individual capacity claims, these defendants served an answer (Doc. No. 22). Accordingly, plaintiff's

individual capacity claims for damages will proceed. The Court restricts its inquiry to the viability of plaintiff's official capacity claims.

Taking the allegations as true, plaintiff successfully challenged a state criminal conviction in the Illinois Appellate Court, obtaining a reversal and remand for a new trial. When plaintiff returned to Madison County for retrial, he complained about the jail conditions. Defendants Fritschele and Besson investigated plaintiff's concerns. At the time, they were employed by the Office of Jail and Detention Standards (Doc. No. 1).

The Illinois Department of Corrections operates a specialized unit designed to monitor compliance with county jail standards. *See* 20 Ill. Admin. Code § 701.5 (identifying the "jail and detention standards unit" as part of the Illinois Department of Corrections). The Court infers that Fritschele and Besson have been sued for tasks they performed on behalf of the Illinois Department of Corrections. Because the Illinois Department of Corrections is a state agency, and the State of Illinois has not consented to be sued in federal court, plaintiff's official capacity claims are barred by the Eleventh Amendment. *Knox v. McGinnis*, 998 F.2d 1405, 1412 (7th Cir. 1993). As noted above, a partial dismissal is warranted only as to the official capacity claims. Plaintiff's individual capacity claims will proceed.

## II.     Injunctive Relief

Defendants Fritschele and Besson also challenge plaintiff's demand for injunctive relief, pointing out that plaintiff is no longer confined in the Madison County Jail and will not be able to demonstrate that he is exposed to a continuing violation of federal law. Plaintiff conceded the merit of this argument. Prospective injunctive relief is available to abate a continuing violation of federal law. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Because plaintiff is no longer confined at the

Madison County jail, his request for injunctive relief is not viable and should be dismissed at this time.

### III.    Absolute Immunity.

Defendants Gilbert and McGuire seek dismissal on the basis that they enjoy absolute prosecutorial immunity for official functions that are quasi-judicial in nature. In advancing this argument, the defendants describe their challenged actions as giving legal advice to county officials. Plaintiff disputes this characterization of his retaliation claim, noting that he is not required to plead specific facts in order to survive a Rule 12(b)(6) motion.

Speaking generally, the doctrine of absolute immunity protects prosecutors when the function or obligation at issue relates to the preparation and initiation of prosecution or the presentation of the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). An assistant state's attorney may function in a quasi-judicial role when giving advice to county officials. *Henderson v. Lopez*, 790 F.2d 44 (7th Cir. 1986); *but see Burns v. Reed*, 500 U.S. 478, (1991)(state prosecutor was not entitled to absolute immunity for giving legal advice to police).

At this stage of the litigation, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff must only allege enough facts to suggest that he has plausible grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007).

The Complaint identifies defendant Gilbert as legal counsel retained by Madison County, Illinois. Defendant McGuire is identified as legal counsel employed by Madison County officials (Doc. No. 1, p. 4). The role these defendants played during the judicial phase of plaintiff's criminal prosecution is not apparent. The Complaint alleges retaliatory jail conditions. These defendants are

linked to the constitutional deprivation by allegations that they advised other defendants that their conduct did not violate plaintiff's rights and "urged the continuance of said conduct" (Doc. No. 1. p. 9). Again, the context of the advice is unclear.

At this time, the Court has insufficient information to resolve the absolute immunity defense. The pro se allegations do not clearly link the advice with a quasi-judicial function. Moreover, the Court would benefit from a discussion of the Supreme Court's recent decision on this issue. *See Van De Kamp v. Goldstein*, ___ U.S. ___, 129 S.Ct. 855, 861-62 (2009). The motion to dismiss (Doc. No. 27) should be DENIED without prejudice to a Rule 56 motion raising the absolute immunity defense.

### IV. Conclusion

IT IS RECOMMENDED that the motion to dismiss filed by defendants Fritschele and Besson (Doc. No. 23) be GRANTED as follows. Plaintiff's official capacity claims and claims for injunctive relief should be dismissed as to Fritschele and Besson. If this recommendation is adopted, plaintiff's individual capacity claims against Fritschele and Besson will remain.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by defendants Gilbert and McGuire (Doc. No. 27) be DENIED without prejudice.

SUBMITTED: **February 19, 2009**.

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**