IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY R. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-117-GPM |
| | ) |
| ROBERT HERTZ, JOHN LAKIN, BRAD WELLS, DENNIS FISCHER, JOHN GILBERT, JOHN MCGUIRE, JOE GULASH, BOB HOLLENBECK, JODY COLLMAN, STEVE HUCH, BOB RICHERT, JEFF HARTSOE, MATT WERNER, MAYNARD HILL, "TRAVIS", DON MCNAUGHTON, BRAD BESSON, DIANE FRITSCHLE, and MADISON COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on a Report and Recommendation from United States Magistrate Judge Philip M. Frazier which was entered on February 19, 2009. The case was reassigned from District Judge Stiehl to the undersigned on May 7, 2009.

Magistrate Judge Frazier recommends that this Court grant the motion to dismiss filed by Defendants Fritschle and Besson (Doc. 23) as to the official capacity claims (Plaintiff Brown's individual claims against these Defendants would remain). Magistrate Judge Frazier further recommends that the motion to dismiss by Defendants Gilbert and McGuire (Doc. 27) be denied

without prejudice. Defendants Gilbert and McGuire filed an objection to the Report and Recommendation on March 10, 2009 (Doc. 43).

When a timely objection to a Report and Recommendation is filed, this Court must undertake a *de novo* review. 28 U.S.C. § 636(b)(1)(B),(C); Fed R. Civ. P. 72(b); Local Rule 73.1 of the United States District Court for the Southern District of Illinois; *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrates judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" (quoting CHARLES ALAN WRIGHT, ARTHUR M. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 3076.8, at p. 55 (1992 Pocket Part)).

The facts, taken from District Judge Stiehl's September 29, 2008, Order conducting an initial review of this action pursuant to 28 U.S.C. § 1915, are as follows:

> In October 2004, while incarcerated at Stateville, Plaintiff filed a federal civil rights action against Defendants, "alleging a myriad of constitutional violations" that occurred while he was in the Madison County Jail. *See Brown v. Madison County*, Case No. 04-cv-824-MJR (S.D. Ill., filed Oct. 1, 2004). During the pendency of that action, Plaintiff's criminal conviction was reversed. He was returned to Madison County Jail in January 2006 pending retrial of his criminal case.
>
> Upon his arrival at Madison County Jail, he was immediately assigned to an isolation cell, rather than general population. He was denied all out-of-cell recreation, permitted only limited access to the law library, and was denied privileges such as television, radio, regular visits, and any sort of human contact with his fellow inmates. Further, his mail (both incoming and outgoing) tended to disappear on a regular basis, other mail was photocopied, and even his legal phone calls were monitored and recorded.

> Defendants also embarked upon a pattern of harassment. He alleges that officers would bang on his cell walls and doors throughout the night, meals were deliberately withheld, his hot water was shut off for almost three weeks, the air conditioning was cut off in the summer, while his heat was shut off during the winter. Finally, Defendants refused to accommodate his fasting during Ramadan.

(Doc. 11, footnote omitted). The Court notes that Brown was convicted following his retrial, and sent to Graham Correctional Center, where he was housed when this lawsuit was filed. He is now billeted at Menard Correctional Center. Based on the facts above, Brown claims that the defendants have engaged in a vast conspiracy of retaliation against him for bringing his 2004 lawsuit.

The first issue before the Court is Brown's official capacity claims against Defendants Fritschle and Besson. Magistrate Judge Frazier concludes that the official capacity claims should be dismissed because Fritschle and Besson have been sued for tasks they performed on behalf of the Illinois Department of Corrections. Because the Illinois Department of Corrections is a state agency, and the State of Illinois has not consented to be sued in federal court, Brown's official capacity claims are barred by the Eleventh Amendment. Neither party objects to this conclusion and therefore the Court need not review it further.

The next issue is Brown's request for injunctive relief against Fritschle and Besson. Prospective injunctive relief is available to abate a continuing violation of federal law. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985). Magistrate Judge Frazier reasons that because Brown is no longer confined at the Madison County jail, his request for injunctive relief is not viable and should be dismissed. Again, Brown does not object to this conclusion. The Court agrees that this claim should be dismissed.

The third issue is the request by Defendants Gilbert and McGuire for dismissal on the grounds that they enjoy absolute immunity for official functions that are quasi-judicial in nature.

Magistrate Judge Frazier notes that the doctrine of absolute immunity protects prosecutors when the function or obligation at issue relates to the preparation and initiation of prosecution or the presentation of the State's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). An assistant state's attorney may function in a quasi-judicial role when giving advice to county officials. *Henderson v. Lopez,* 790 F.2d 44 (7th Cir. 1986); *but see Burns v. Reed*, 500 U.S. 478 (1991) (state prosecutor was not entitled to absolute immunity for giving legal advice to police).

Magistrate Judge Frazier also notes that under *Bell Atlantic Corp. v. Twombly*, Brown must only allege plausible grounds for relief at the pleading stage. 127 S.Ct. 1955, 1964 (2007). By the terms of the complaint, it is plausible that Gilbert and McGuire's conduct did not take place during Brown's criminal prosecution. It is plausible that the unconstitutional conduct occurred while McGuire and Brown were giving advice to the other defendants about the constitutionality of their conduct. Therefore Magistrate Judge Frazier concludes that the Court has insufficient information at this time to resolve the absolute immunity defense because the allegations in the complaint do not clearly link the advice with a quasi-judicial function. Defendants Gilbert and McGuire object to this conclusion.

Defendants Gilbert and McGuire argue that their only involvement in Brown's case was in their capacity as Madison County Assistant State's Attorneys (*see* Doc. 36). They also argue that as Madison County Assistant State's Attorneys, they rendered legal advice to county officials, including Sheriff Hertz, regarding the legality of specific conduct concerning Brown. (Doc. 36).

Gilbert and McGuire also discuss *Van de Kamp v. Goldstein* in depth at the suggestion of Magistrate Judge Frazier. 129 S.Ct. 855 (2009). They allege that pursuant to the standard in *Van de Kamp*, their activities are covered by absolute immunity because they involve the performance

of quasi-judicial roles in advising county officials on legal matters – specifically, legal issues concerning Brown's incarceration. In *Van de Kamp,* the Court held that absolute immunity extends to claims of failure to train prosecutors properly, failure to supervise prosecutors properly, and failure to establish an information sharing system. Defendants Gilbert and McGuire argue that this holding should extend to them because their challenged actions only involve advising county officials on legal matters in a quasi-judicial role. In other words, if prosecutors are immune from claims of poor supervision and training, certainly they are immune from a claim arising out of legal advice.

The Court is mindful that absolute immunity is the exception, and qualified immunity is the norm. Absolute immunity attaches to the task, not the office, so it is important to know just what activity a defendant allegedly engaged in when deciding the immunity question. Brown alleges in his complaint that Gilbert and McGuire "orchestrated" the retaliation against him, "advised the defendants that their conduct does not violate [Brown's] rights," and "urged the continuance of said conduct" (*see* Doc. 1, p. 5). Gilbert and McGuire answer that they advised county officials on matters concerning Brown, but the specifics and the content of that advice are not known.

The Court finds this case more akin to *Burns v. Reed*, 500 U.S. 478 (1991), than *Van de Kamp*. In *Burns*, the United States Supreme Court held that a state prosecutor was entitled to absolute immunity from liability for participating in a probable cause hearing, but not for giving legal advice to the police. In rejecting the Seventh Circuit's finding that both activities enjoyed absolute immunity, the Supreme Court stated, "[a]bsolute immunity is designed to free the *judicial process* from the harassment and intimidation associated with litigation. That concern therefore justifies absolute prosecutorial immunity only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." *Burns*, 500 U.S. at 494 (emphasis

in original; internal citations omitted). The Court went on to explain that qualified immunity might be available to the defendants, and qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* at 495 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985)). The Court noted,

> [i]ndeed it is incongruous to allow prosecutors to be absolutely immune from liability for giving advice to the police, but to allow police officers only qualified immunity for following the advice. Ironically, it would mean that the police, who do not ordinarily hold law degrees, would be required to know the clearly established law, but prosecutors would not.

*Burns*, 500 U.S. at 495.

Defendants Gilbert and McGuire urge the Court to find that they are absolutely immune from Brown's claim for damages because they gave legal advice to county officials on legal matters. The Court fails to see how this factual scenario differs from *Burns*. For this reason, Defendants' motion to dismiss is denied.

Finally, the Court also has before it a "Motion to Deem Facts Admitted" filed on behalf of Defendants. (Doc 46). Defendants filed a Request to Admit on April 14, 2009 (*see* Doc. 44). Brown did not respond to the Request to Admit until filing his Response to Defendants' Motion to Deem Facts Admitted on May 27, 2009, in which he included his responses to the admissions as an appendix. (Doc. 49). Brown claims that he was unable to respond in a timely manner because of limited access to the law library due to lockdowns, the absences of the paralegal during the month of May, and the general incompetence of the prison staff in photocopying requested documents.

Defendants argue that federal courts require strict compliance with the mandate of Federal Rule of Civil Procedure 36, which provides "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or

objection to the matter." *See Nelson v. Wal-mart, Inc.*, 63 Fed.Appx. 920, 2003 WL 1919356 (7th Cir. April 16, 2003); *United States v. Kasuboski,* 834 F.2d 1345 (7th Cir. 1987).

In response, Brown argues that under *Timms v. Frank*, he is entitled to receive special notice about the time for response and the potential consequences of failure to respond. 953 F.2d 281, 285 (7th Cir. 1992); *see also Spencer v. Dearborn County Sheriff's Dept.* No. 4:06-cv-0131-DFH-WGH, 2007 WL 1729752 (S.D. In. June 7, 2007) (holding that the Seventh Circuit's reasoning in requiring parties serving prisoner pro-se litigants with motions for summary judgment to provide notice about the consequences of Rule 56 applies to Rule 36 as well).

Defendants' Request to Admit does not contain any language either referring to or describing the consequences of Federal Rule of Civil Procedure 36. Furthermore, Defendants allege no prejudice by the delay in getting Brown's response (Doc. 50). In the absence of prejudice and in light of Brown's status as a pro-se litigant, the Motion to Deem Facts Admitted is denied.

Accordingly, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Frazier (Doc. 41), **GRANTS** the motion to dismiss filed by Defendants Fritschle and Besson (Doc. 23), and **DISMISSES** Plaintiff's official capacity claims and claims for injunctive relief against Defendants Fritschle and Besson. The Court also **DENIES** the motion to dismiss filed by Defendants Gilbert and McGuire (Doc. 27) and the motion to deem facts admitted (Doc. 46).

**IT IS SO ORDERED.**

DATED: 6/22/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge