IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY R. BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: **3:07-cv-00117-PMF** |
| | ) |
| ROBERT HERTZ, JOHN LAKIN, | ) |
| BRAD WELLS, DENNIS FISCHER, | ) |
| JOHN GILBERT, JOHN MCGUIRE, | ) |
| JOE GULASH, BOB HOLLENBECK, | ) |
| JODY COLLMAN, STEVE HUCH, BOB | ) |
| RICHERT, JEFF HARTSOE, MATT | ) |
| WERNER, MAYNARD HILL, | ) |
| TRAVIS, DON MCNAUGHTON, BRAD | ) |
| BESSON, DIANE FRITSCHLE AND | ) |
| COUNTY OF MADISON, ILLINOIS, | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND OPINION**

Before the Court is Defendants Brad Besson and Diane Fritschle's Motion for Summary Judgment (Doc. 80). This Motion is opposed (Doc. 89). For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED**, and this case is now **CLOSED.**

## **FACTS**

Plaintiff is proceeding on a 42 U.S.C. § 1983 civil rights claim alleging retaliation for filing a previous federal civil rights action in October, 2004 while incarcerated at Stateville Correctional Center. In Plaintiff's prior action, he "alleg[ed] a myriad of constitutional violations" that occurred while he was in the Madison County Jail awaiting trial. *See Brown v. Madison County*, Case No. 04-cv-824-MJR (S.D. Ill., filed Oct. 1, 2004). During the pendency of that action, Plaintiff's criminal conviction was reversed, and he was returned to Madison

1

County Jail in January 2006 pending retrial of his criminal case. While in the Madison County Jail, Plaintiff filed the case at hand.

Plaintiff specifically alleges that he wrote letters to Defendants Besson and Fritschle – both employees of the Jail Detention Standards Unit of the Illinois Department of Corrections – complaining that the staff at the Madison County Jail placed him in an isolation cell for no reason, that he was denied out-of-cell recreation, that his access to the law library was limited, and that he was denied privileges such as television, radio, regular visits, and contact with other inmates at the jail. He also alleges that his mail was opened and read, that other mail was photocopied, that his legal phone calls were monitored and recorded, that officers banged on his door during the night, that his meals were withheld, that his hot water was shut off for three weeks, that his heat was shut off during the winter and the air conditioning was shut off in the summer, and that his request to have his meals served to him at night to accommodate his fasting during Ramadan were denied. With respect to Defendants Besson and Fritschle, Plaintiff alleges that they did nothing to stop this conduct.

## APPLICABLE LAW

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986); *Spath*, 211 F.3d at 396.  In order to defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts.  Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Board of Trustees of Purdue Univ*., 458 F.3d 620, 628 (7th Cir.2006), *cert. denied*, 549 U.S. 1210, 127 (2007), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).

## II.     QUALIFIED IMMUNITY

Government officials performing discretionary functions generally are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 817, 818 (1982).  To determine if an official is entitled to qualified immunity, a two part inquiry is required: (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right alleged to have been violated was clearly established. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Although the Supreme Court recently stated that the Courts need not first determine whether facts alleged or shown by plaintiff make out violation of constitutional right, this Court will follow the *Saucier* procedure in the case at hand.  *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009).  The second prong of *Saucier* must be undertaken in light of the specific context of the case, not as a broad general proposition. *Saucier* at 201.  The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Id*. at 202.

## ANALYSIS

### I.  WHETHER A CONSTITUTIONAL RIGHT WOULD HAVE BEEN VIOLATED?

A plaintiff states a claim of retaliation by alleging that the defendants committed an "act taken in retaliation for the exercise of a constitutionally protected right." *Abrams v. Walker,* 307 F.3d 650, 654 (7th Cir. 2002); *see also Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). Inmates are entitled under the First Amendment to file grievances and lawsuits, and officers may not retaliate against them for exercising that right. *Walker v. Thompson,* 288 F.3d 1005, 1008 – 1009 (7th Cir. 2002).

In this case, Plaintiff alleges that Defendants Besson and Fritschle failed to prevent the staff at the Madison County Jail from retaliating against him for filing a prior suit against certain Madison County employees. Viewing the facts in the light most favorable to the Plaintiff, if, in fact, Defendants Besson and Fritschle failed to prevent Madison County Jail employees from retaliating against Plaintiff for filing a prior suit, then a constitutional right surely would have been violated, because the failure to prevent the retaliation would make them a party to the retaliation itself.

### II.  WHETHER PLAINTIFF'S RIGHT IS CLEARLY ESTABLISHED?

Again, the relevant, dispositive inquiry in determining whether a right is clearly established, is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Defendants concede that they knew about Plaintiff's prior suit against the Madison County employees, but deny that their decisions regarding his complaints were influenced by this prior suit. Although Plaintiff argues that Defendants' decisions regarding Plaintiff's complaints were based solely on retaliatory grounds, the facts of this case do not establish a *clear* violation

of Plaintiff's rights under *Saucier*. Defendant Fritschle – who investigated Plaintiff's claims – documented her findings regarding her investigations in letters drafted to Defendant Besson, among others. Fritschle supported her conclusion that Plaintiff's complaints about being isolated, being denied access to recreation, legal materials, television, radio, and visits, the monitoring of his mail and phone calls, the meals and comfort in his cell, in these letters. Specifically, Defendant Frischle supported Plaintiff being continued on "high-security status" because she still continued him a safety and security treat based on his past behavior. Plaintiff, in his Response, provided the Court with nothing to support the conclusion that Plaintiff was no longer a safety and security threat. Further, Defendant Frischle opined in her letter that Plaintiff was being provided with sufficient recreation space and legal materials, given the fact that Plaintiff was allowed in the "dayroom area," received many legal books, and had his cell sprayed for insects twice. Finally, Defendant Frischle did not find any basis for Plaintiff's claim that he needed meals provided at different times because he was a practicing Muslim, that his legal mail was being opened, or that his phone calls with his attorney were being monitored. Thus, the Court finds that Defendant Frischle – and by extension, Defendant Besson – clearly supported their conclusions that Plaintiff's complaints were without merit on facts other than Plaintiff's filing of a prior suit. Therefore, there is nothing in the record that would objectively indicate that Defendants Frischle and Besson clearly violated Plaintiff's constitutional rights against retaliation for filing a prior suit.

      In light of these facts, judgment shall be entered in favor of Defendants Frischle and Besson in this case.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment (Doc. 80). Judgment shall enter in favor of Defendants Brad Besson and Diane Fritschle, and the Clerk shall terminate these Defendants from this action. The Court finds as **MOOT** Plaintiff's Motion to Compel Disclosure (Doc. 79). Having terminated all remaining Defendants, claims, and motions, this case can now be **CLOSED**. Clerk of Court to enter Judgment accordingly.

**SO ORDERED.**

**DATED:** March 17, 2010.

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**