**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JERAMEY R BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  3:07-cv-00117-PMF** |
| | ) | |
| **ROBERT HERTZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

**FRAZIER, Magistrate Judge:**

Before the Court are the plaintiff's (Doc. 82) motion to compel and (Doc. 87) motion to supplement.  Also before the Court are the defendant's (Doc. 85) motion to bar and (Doc. 92) motion for leave to file counter-affidavits.  For the following reasons, the plaintiff's (Doc. 82) motion to compel is **granted in part and denied in part**; the plaintiff's (Doc. 87) motion to supplement is **denied as moot**; the defendants' (Doc. 85) motion to bar is **denied as moot**; and the defendants' (Doc. 92) motion for leave to file counter-affidavits is **granted**.

### A.  Doc. 82 – Motion to Compel

The plaintiff, first, moves the Court for an order compelling the defendants to respond to his requests for production.  Generally, a party to litigation may serve requests for production pursuant to Rule 34 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 34.  "The party to whom the request is directed must respond in writing within 30 days after being served." *Id*. Objections, if any, are generally considered waived if the respondent to the requests for production fails to timely respond. *See id*.  A party seeking discovery may move for an order compelling production if a party fails to respond that inspection will be permitted or fails to permit inspection, as requested under Rule 34. FED. R. CIV. P. 37(a)(3)(B)(iv).  Here, the plaintiff

1

served his requests for production of documents on September 27, 2011 and, apparently, has not received any type of response from the defendants. *See* Doc. 82 at 1.  The defendants did not address the failure to produce documents in their (Doc. 88) response to the instant motion to compel.  Accordingly, the (Doc. 58) motion to compel will be **granted** with respect to the plaintiff's request for production (Doc. 82 at 8-15).  The defendants are **ordered** to respond the request for production within 30 days of this order.

Next, the plaintiff moves the Court for an order compelling the defendants to respond to his interrogatories.  A party may serve on the other party written interrogatories. *See* FED. R. CIV. P. 33.  "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." *Id*.  Objections, if any, are generally considered waived if the respondent to the interrogatories fails to timely respond. *See id*.  A party seeking discovery may move for an order compelling production if a party fails to answer an interrogatory submitted under Rule 33. FED. R. CIV. P. 37(a)(3)(B)(iii).  Here, by the defendant's own admission, the plaintiff served his request for production on September 30, 2011, and the defendant did not respond until December 11, 2011. Doc. 88 at 2.  The defendant has not demonstrated good cause for the failure to timely object.  Therefore, the defendant's untimely objections are waived, and the (Doc. 58) motion to compel will be **granted** with respect to the plaintiff's interrogatories (Doc. 82 at 23-30).   The defendants are **ordered** to answer the interrogatories within 30 days of this order.

Lastly, the plaintiff requests that the Court enter an order compelling defendant Hertz to "answer fully" four of his requests for admission.  A party may serve written requests to admit the truth of any matters within the scope of the lawsuit. *See* FED. CIV. P. 36.  "Each matter must be separately stated." *Id*.  "A request to admit the genuineness of a document must be

accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." *Id*.  Here, defendant Hertz has timely objected to the four requests in dispute as follows:

2. Between January 11, 2006 and July 10, 2008, Plaintiff Jeramey Brown made a plethora of complaints to you about his treatment and constitutional rights being violated while at Madison County Jail

RESPONSE: Defendant Hertz objects to Paragraph 2 as said Request is incomplete and fails to coherently set for[th] a Request to which this Defendant can respond.  Specifically, said request fails to specify the document to which Plaintiff is referring.  Federal Rules of Civil Procedure Rule 26(a)(2) provides "A Request to Admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

3. Between January 11, 2006 and July 10, 2008, Jail Superintendent Joe Gulash would frequently discuss with you, Plaintiff Jeramey Brown's multitude of complaints, about his status in the Jail, and his ongoing treatment.

RESPONSE: Defendant Hertz objects to Paragraph 3 as this Request improperly seeks this Defendant to admit a fact that pertains to other Defendants and said Request improperly requires Defendant to admit an alleged fact that is outside his personal knowledge and, therefore, calls for speculation and conjecture and is burdensome and oppressive.

4. During this period, you, Defendant Lakin, Wells, Gulash became intimately involved in Plaintiff Jeramey Brown's criminal proceedings … meaning, but not limited to, contacting the Madison County States Attorney's Office inquiring about the strength of their case against Plaintiff, offering your office's assistance in the successful prosecution of Plaintiff, interviewing or contacting state witnesses, providing state witnesses with copies of their prior statements/ or testimony, contacting Judge James Hackett in regards to Plaintiff's criminal proceedings, photocopying Plaintiff Jeramey Brown's outgoing mail for the Granite City Police Department and Madison County State's Attorney's Office, listening in on Plaintiff's legal calls with his attorneys, interfering with Plaintiff speaking with attorney Don Groshong, and intimately discussing with Plaintiff's defense attorney John J O'Gara both Plaintiff's criminal case and 2004 civil case.

RESPONSE: Defendant Hertz objects to Paragraph 4 as it [is] a compound question and according to Federal Rules of Civil Procedure 36(a), "Each matter of which an admission is requested shall be separately set forth."  This defendant further objects to Paragraph 4 as this Request improperly seeks this Defendant to admit a fact that pertains to other Defendants, and said Request improperly requires Defendant to admit an alleged fact that is outside his personal knowledge

and, therefore, calls for speculation and conjecture and is burdensome and oppressive.

6. Prior to January 11, 2006, or during the time Plaintiff was detained at the Madison County Jail, you [were] aware that if Plaintiff would be found 'not guilty' after his criminal trial, that it had the potential of having significant impact on his 2004 civil action, especially in regards to damages.

RESPONSE: Defendant Hertz objects to Paragraph 6 as it is [a] compound question and according to Federal Rules of Civil Procedure 36(a), "Each matter of which an admission is requested shall be separately set forth." Subject to the objection, Defendant Hertz denies that he had knowledge that if Plaintiff was found not guilty at his criminal trial that it would have a significant impact on Plaintiff's 2004 pending civil suit.

Doc. 88-4 at 1-4.

Defendant Hertz's objection with respect to paragraph 2 of the plaintiff's request to admit is **overruled**. The plaintiff did not request that the defendant admit to the genuineness of a document. Defendant Hertz is **directed** to answer the request to admit.

Defendant Hertz's objection with respect to paragraph 3 of the plaintiff's request to admit is **overruled**. The plaintiff is asking is whether the defendant had the specific conversations with Jail Superintendent Joe Gulash, a fact that would not require defendant Hertz to speculate and would not be outside of the scope of defendant Hertz's personal knowledge. Defendant Hertz is **directed** to answer the request to admit.

Defendant Hertz's objection with respect to paragraph 4 of the plaintiff's request to admit is **sustained**. The Court agrees that this request to admit improperly sets forth multiple requests to admit in violation of Rule 36. *See* FED. R. CIV. P. 36(a)(2).

The Court **finds as moot** defendant Hertz's objection with respect to paragraph 6 of the plaintiff's request to admit. The Court fails to see how paragraph 6 contains more than one

4

request to admit, but the point is moot because defendant Hertz has provided an answer to the request.

**B.  Doc. 92 – Motion for Leave**

In the (Doc. 92) motion for leave, the defendant's seek permission to file additional affidavits in support of their (Doc. 69) motion for summary judgment.  Specifically, the defendants seek to file counter-affidavits to the affidavits of Larry Greer and Mathew Davis.  The interests of justice will be served by permitting the defendants to supplement their evidence.  The plaintiff has failed to demonstrate how the request to permit the defendants to supplement their motion with additional evidence was made in bad faith or will prejudice him.  The (Doc. 92) motion is **granted**.  The defendants shall electronically file the additional affidavits within five (5) days of this order.

**C.  Doc. 85 – Motion to Bar**

The (Doc. 85) motion to bar seeks separate relief related to the affidavits of Larry Greer and Mathew Davis.  Because the Court is granting the (Doc. 92) motion for leave to file counter-affidavits, the (Doc. 85) motion to bar is **denied as moot**.

**D.  Doc. 87 – Motion to Supplement**

The plaintiff's (Doc. 87) motion to supplement his response to the (Doc. 69) motion for summary judgment is related to the Court's previous order construing the affidavits of Larry Greer and Mathew Davis as a response (Doc. 86) to the (Doc. 69) motion for summary judgment.  The plaintiff has since been granted another opportunity to file a response to the pending motion for summary judgment.  *See* Docs. 141, 150.   The (Doc. 87) motion to supplement is **denied as moot**.

### E.  Conclusion

For the forgoing reasons, the plaintiff's (Doc. 82) motion to compel is **granted in part and denied in part**; the plaintiff's (Doc. 87) motion to supplement is **denied as moot**; the defendants' (Doc. 85) motion to bar is **denied as moot**; and the defendants' (Doc. 92) motion for leave to file counter-affidavits is **granted**.

**SO ORDERED.**

**DATED: November 3, 2011.**

*/s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE